(No. 2218— )

O. L. Campbell, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed September 10, 1935.*

Chiperfield & Chiperfield, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Prior to and on the 4th day of March, A. D. 1933, claimant, Dr. O. L. Campbell, was licensed veterinarian in the employ of the Department of Agriculture, Division of Animal Industry, and was engaged in the testing of cattle for tuberculosis. On the last mentioned date, claimant was working on the farm of John Stoll in Walker Township, Hancock County, and while attempting to tag an animal, showing that it had been tested for tuberculosis, was attacked by the animal and thrown against the fence or corral wall, and sustained injuries to his right hand, arm and shoulder, for which he claims compensation under the terms and provisions of the Workmen's Compensation Act.

Respondent maintains that the work being done by claimant at the time of the accident was in its nature farm work and that the claimant therefore comes within the terms of the proviso contained in Paragraph eight (8) of Section three (3) of the Compensation Act which is as follows:

"*Provided* nothing contained herein shall be construed to apply to any work, employment or operations done, had or conducted by farmers and others engaged in farming, tillage of the soil or stock raising, or to those who rent, demise or lease land for any such purposes, or to anyone in their employ, or to any work done on a farm or country place, no matter what kind of work or service is being done or rendered."

The question here involved was considered by this court in the case of *Grover Ewing* vs. *State*, No. 2286, decided at the January, 1935 term of this court, in which the facts were practically identical with the facts in this case, and the same contentions were made by claimant and respondent.

In that case the court after fully considering the question, held that the claimant, at the time of the accident in question, was employed in "work done on a farm" within the meaning of those words as used in the aforementioned proviso, and therefore the injuries so sustained by him were not compensable.

We see no reason for departing from the rule laid down in the Ewing case and must therefore deny the claim. Award denied.